UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DERRICK NEPHEW, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 25-4124 |
| | ) |
| DARREN HART *et al.*, | ) |
|     Defendants. | ) |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening under 28 U.S.C. § 1915A is a Complaint (Docs. 1) filed under 42 U.S.C. § 1983 by Plaintiff Derrick Nephew, a detainee at the Rock Island County Jail ("Jail").

I.  **Background and Screening Standard**

Plaintiff and two other detainees jointly filed a Complaint in case No. 25-4015. The Court severed the parties' respective claims and directed the Clerk of the Court to open the instant case for Plaintiff.

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.  **Factual Allegations**

Plaintiff alleges violations at the Jail against the following officials: Rock Island Sheriff Darren Hart, Captain Holton, Nurse Alyssa, Courtney Wilson, and Advanced Correctional Healthcare ("Advanced").

On November 17, 2024, Plaintiff sent a request to see an "eye doctor." (Pl. Compl., Doc. 1 at 32.) Plaintiff received a response indicating that the Jail did not have an on-site optometrist. The next day, Plaintiff was told that the Jail does not provide prescription eyewear. After filing a grievance, Defendant Alyssa provided Plaintiff with a pair of "cheater" glasses. Plaintiff filed a second grievance and was informed that he should have a family member bring him his prescription eyewear. Plaintiff claims that Defendants were deliberately indifferent to his need for prescription eyewear.

III.  **Analysis**

To prevail on a claim alleging inadequate medical care, a pretrial detainee must prove three elements: (1) the medical condition is or was objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly concerning the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, not rationally related to a legitimate governmental objective. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019); *see also Bell v. Blaesing*, 844 F. App'x 924, 925 (7th Cir. 2021) ("[A]s

a civil detainee, [the plaintiff] needed to plead only that [the defendant's] care was objectively unreasonable rather than deliberately indifferent.").

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Despite naming Defendants Hart, Holton, Wilson, and Advanced, Plaintiff does not provide any facts that this Court can analyze to determine whether their respective acts or omissions establish a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff's only mention of Defendant Alyssa is that she brought him reading glasses, which is insufficient to demonstrate her action was objectively unreasonable under the factual circumstances presented.

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may

file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amendment must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

2) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case.**

ENTERED October 8, 2025.

                                                        s/ *Colleen R. Lawless*
                                        _____
                                                  COLLEEN R. LAWLESS
                                      UNITED STATES DISTRICT JUDGE